UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOE THOMAS** and
**BERNICE THOMAS**,

     Plaintiffs,

              No. 14-CV-14183
vs.           Hon. Gerald E. Rosen
         Magistrate Judge Michael J. Hluchaniuk

**JPMORGAN CHASE BANK, N.A.**
and **FEDEREAL HOME LOAN**
**MORTGAGE CORPORATION**,

     Defendants.

_____/

**OPINION AND ORDER REGARDING DEFENDANTS'**
**MOTION TO DISMISS**

**I. INTRODUCTION**

  Plaintiffs Joe Thomas and Bernice Thomas commenced this suit in Wayne County Circuit Court on September 19, 2014, asserting claims against Defendants JPMorgan Chase Bank, N.A., and Federal Home Loan Mortgage Corporation, arising from the foreclosure sale of Plaintiffs' home in Detroit, Michigan. Plaintiffs claim that Defendants conducted the foreclosure process without regard to Michigan's statutory requirements -- in particular that Defendant JPMorgan Chase Bank, N.A. failed to include one of the mortgagee's names in the Notice of

Foreclosure and that Defendant Federal Home Loan Mortgage Corporation is not a valid purchaser under Michigan foreclosure law.  Defendants removed the case to this Court on October 30, 2014, and Defendants have now filed a Motion to Dismiss (Dkt. # 3).  Collectively, Defendants argue that Plaintiffs lack standing to bring this suit because the statutory redemption period for the foreclosure has passed and, in the alternative, that Plaintiffs have failed to sufficiently allege any violation of Michigan's foreclosure laws.

Having reviewed and considered the parties' briefs and supporting documents and the entire record of this matter, the Court has determined that the pertinent allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will address the motion "on the briefs." *See* L.R. 7.1(f)(2).

## II. PERTINENT FACTS

On December 19, 2008, Plaintiffs Joe Thomas and Bernice Thomas, a married couple, entered into a loan agreement with Defendant JPMorgan Chase Bank, N.A. ("Chase") in the amount of $219,000 ("the Loan").  Pl's Compl., Dkt. # 1-2, ¶ 6.  The Loan was secured by a mortgage ("the Mortgage") against the property at issue in this case, 17381 Pontchartrain Blvd., Detroit, Michigan 48203 ("the Property").  *Id.* ¶¶ 4, 6; *See also* Mortgage, Dkt. # 3-2.  The Mortgage was

2

recorded on December 30, 2008 in the Wayne County Records, with Chase acting as servicer for the Mortgage.  Pl.'s Compl. ¶¶ 8, 12, *see generally* Mortgage.

Plaintiffs defaulted on the Loan at some point in 2013, and Chase subsequently initiated the foreclosure by advertisement process by mailing a Notice of Foreclosure to Plaintiffs and by publishing a Notice of Foreclosure in the Detroit Legal News once per week between October 14, 2013, and November 4, 2013.  Pl's Compl. ¶¶ 12-13.  Importantly for purposes of Plaintiffs' theory, both the published and the mailed Notice of Foreclosure identified the mortgagor as "Joe Nathan Thomas, married," but did not mention Bernice Thomas or identify her interest in the Loan, Mortgage, or Property.  *Id*. ¶ 14.

The Loan remained in default, and accordingly a Sheriff's Sale was held on March 20, 2014.  *Id.* ¶ 17; *see also* Sherriff's Deed, Dkt. # 3-3.  Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") won the auction with a bid of $109,387.43, and was granted a Sherriff's Deed, which was recorded on April 3, 2014.  Sherriff's Deed, Dkt. # 3-3, at  1.  The statutory redemption period was set to expire on September 20, 2014.  *Id.* at 1, 4.

On September 19, 2014, one day prior to the expiration of the redemption period, Plaintiffs brought this suit in Wayne County Circuit Court.  Plaintiffs' complaint asserts four claims for relief: wrongful foreclosure in violation of MCL § 600.3201 *et seq.* (Count I); quiet title (Count II); slander of title (Count III); and

3

violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (Count IV). Each claim, however, relies on the same two theories of relief: (1) that Chase's failure to name Bernice Thomas as a party to the Mortgage renders the foreclosure proceedings invalid, and (2) that Freddie Mac is not a valid purchaser under MCL § 600.3228, and accordingly "was not authorized by statute to purchase the . . . Property." *See, e.g.*, Pl.'s Compl. ¶¶ 19-20. Defendants removed the action to this Court on October 30, 2014. Def.'s Removal, Dkt. # 1. The September 20, 2014 expiration of the redemption period has now passed, and Plaintiffs have not redeemed the Property.

## III. DISCUSSION

### A. Rule 12(b)(6) Standard

In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to Plaintiffs and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To withstand a motion to dismiss, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations in the complaint, accepted as true, "must be enough to raise a right to relief above the speculative level," and must

4

"state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

If the well-pled facts in Plaintiffs' Complaint -- accepted as true -- are insufficient for Plaintiffs to recover on a claim, that claim must be dismissed. *Iqbal*, 556 U.S. at 680 ("Because the well-pleaded fact of parallel conduct, accepted as true, did not plausibly suggest an unlawful agreement, the Court held the plaintiffs' complaint must be dismissed.").

## B.    Plaintiffs Have Standing to Bring This Case

Defendants first argue that "a party claiming an interest in a property loses standing if he fails to redeem within the statutory redemption period." Def.'s Mot. to Dismiss, at 4. Therefore, Defendants reason, Plaintiffs have lost the ability "to raise *any* claims related to the Property . . . and their Complaint should be

5

dismissed." *Id*. at 5 (emphasis added). This issue has been the subject of much confusion, though recent Sixth Circuit law has provided some clarity.

It is true that under Michigan's foreclosure law, "[u]nless the premises. . . shall be redeemed within the time limited for such redemption . . . , [the sheriff's] deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage." M.C.L. § 600.3236. Based on a strict reading of the statute, one might infer that "the homeowner has no legal interest in the property that litigation might vindicate." *El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 428 (6th Cir. 2013). Several recent unpublished decisions from the Michigan Court of Appeals have reached such a conclusion, predicating dismissals of post-redemption-period foreclosure challenges on the theory that plaintiffs lacked standing. *Awad v. Gen. Motors Acceptance Corp.*, No. 302692, 2012 WL 1415166, at *4 (Mich. Ct. App. Apr. 24, 2012), *appeal denied*, 493 Mich. 905 (2012) ("Upon the expiration of the redemption period, [Plaintiff] lost all right, title, and interest in the property and, therefore, lost her standing to sue."); *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished."); *Mission of Love v. Evangelist Hutchinson Ministries*, No. 266219,

2007 WL 1094424, at *5 (Mich. Ct. App. Apr. 12, 2007) ("[D]efendants are correct that, after title vested in [Defendants] pursuant to the foreclosure, it was no longer necessary to resolve the subject matter of plaintiff's lawsuit, i.e., the validity of the warranty deed, because plaintiff no longer had standing.").

As this Court has recently noted, however, those decisions "are in tension with established standing principles." *Jackson v. Bank of Am., N.A.*, ___ F. Supp. 3d ___, No. 14-CV-11073, 2014 WL 7157172, at *4 (E.D. Mich. Dec. 15, 2014). "When jurisdiction is premised on diversity of citizenship, a plaintiff must have standing under both Article III and state law in order to maintain a cause of action." *Morell v. Star Taxi*, 343 F. App'x 54, 57 (6th Cir. 2009). Under Article III, a plaintiff has standing when he has sustained an injury that is "concrete and particularized" and "actual or imminent," that injury is "fairly traceable to the challenged action of the defendant," and "it is likely . . . that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). Such standing is obviously present here -- Plaintiffs in this case claim concrete injuries resulting from an allegedly defective foreclosure procedure. And under Michigan's standing requirements, "a litigant has standing whenever there is a legal cause of action." *Lansing Sch. Educ. Ass'n v. Lansing Bd. of Educ.*, 792 N.W.2d 686, 699 (Mich. 2010). Michigan's courts have provided such a cause of action in this context,

allowing plaintiffs to challenge the validity of a foreclosure through summary proceedings, M.C.L. § 600.5714, or by a separate lawsuit, *El-Seblani*, 510 F. App'x at 428. The obvious question then looms: "If plaintiffs litigating the validity of a foreclosure after the expiration of the redemption period meet these basic requirements, as Plaintiff does here, how can these standing principles be squared with the holdings of *Awad*, *Overton*, and *Mission of Love*?" *Jackson*, 2014 WL 7157172, at *4.

A recent Sixth Circuit case provides the most complete answer. In *El-Seblani*, the court noted that longstanding Michigan state law has held that in cases seeking to set aside a foreclosure following the expiration of the statutory redemption period, plaintiffs face a "stringent" burden, and must allege "fraud or irregularity" that is "relate[d] to the foreclosure procedure itself." *El-Seblani*, 510 F. App'x at 429 (internal quotation marks omitted). Accordingly, the court assessed *Awad*, *Overton*, and *Mission of Love*, and concluded that those cases, despite making superficial references to standing, "[did] not turn on standing doctrine. . . . It is more accurate to say that the 'fraud or irregularity' claims in *Overton, Awad, and Mission of Love* lacked sufficient merit to meet the high standard imposed by Michigan law on claims to set aside a foreclosure sale." *Id.* (internal quotation marks omitted).

Therefore, based on the reasoning of *El-Seblani*, the Court finds that Plaintiffs have standing in this case, under both Article III and Michigan state law, to bring their claims.  As this Court has recently stated, a "plaintiff who meets both Article III and state standing requirements does not forfeit his standing when the statutory foreclosure redemption period expires."  *Jackson*, 2014 WL 7157172, at *5.

## C.      Plaintiffs Have Failed to Allege Sufficient Facts to Set Aside the Foreclosure

As discussed above, Plaintiffs' complaint asserts four claims for relief, but each explicitly relies on the same two legal theories: (1) that Chase's failure to name Bernice Thomas as a party to the Mortgage renders the foreclosure proceedings invalid, and (2) that Freddie Mac is not a valid purchaser under M.C.L. § 600.3228, which provides that "[t]he mortgagee, his assigns, or his or their legal representatives, may, fairly and in good faith, purchase the premises . . . at [the sheriff's] sale."   In Count I, Plaintiffs assert a claim of wrongful foreclosure because the failure to name Bernice Thomas "was either a significant procedural irregularity, or was a fraud perpetrated by Chase" and because "Defendant Freddie Mac . . . was not authorized by [M.C.L. § 600.3228] to purchase the . . . Property."  Pl.'s Compl, ¶¶ 16, 20.  In Count II, Plaintiffs assert a

9

claim of quiet title "because the notice of foreclosure was improper and Freddie Mac and Chase did not comply with MCL 600.3228." *Id.* ¶ 27.   In Count III, Plaintiffs assert a claim of slander of title because "the recording of the sheriff's deed . . . was done with the specific intent that it confuse the chain of title" when the foreclosure notice only included Joe Thomas and because "[t]he recording of the Sheriff's Deed was not authorized because Freddie Mac was not a foreclosing party as defined in the Michigan Statutes." *Id.* ¶¶ 34-35.   And in Count IV, Plaintiffs assert a claim of violation of the Fair Debt Collection Practices Act on the basis that Defendants unlawfully "[p]roceed[ed] with the foreclosure even though Freddie Mac was not authorized to be a foreclosing party under the Michigan statutes" and that Defendants "[i]ntentionally delet[ed] the name of Plaintiff Bernice Thomas from the foreclosure notice and thereby creat[ed] confusion." *Id.* ¶ 39.   Accordingly, because each Count turns on the proper resolution of Plaintiffs' two main arguments, the Court addresses each of those arguments in turn, in lieu of discussing each Count individually.[1]

---

[1] Plaintiffs do assert a third argument in their response brief, though the theory does not appear anywhere in the Complaint.  In their brief, Plaintiffs argue that "Defendants have violated M.C.L. § 600.3204(3) because no assignment of mortgage was ever recorded."   Pl.'s Resp. to Def.'s Mot. to Dismiss, at 14. Plaintiffs are correct that, at least according to the complaint, the Mortgage was at some point assigned to Chase Home Finance, LLC, though Plaintiffs maintain that assignment occurred without proper power of attorney.   Pl.'s Compl. ¶¶ 9-10. Plaintiffs' argument, at least as the Court discerns it, is that M.C.L. § 600.3204(3) requires that "[i]f the party foreclosing a mortgage by advertisement is not the

A brief review of the relevant statutory provisions underlying Michigan foreclosures by advertisement is helpful before reaching each issue.   M.C.L. § 600.3201 provides that "every mortgage of real estate, which contains a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement, in the cases and in the manner specified in this chapter."   The statute then provides several requirements for foreclosure by advertisement to proceed, including that "[a] default . . . has occurred," "[t]he

original mortgagee, a record chain of title must exist before the date of sale," and that there is no proper record chain of title regarding the alleged assignment to Chase Home Finance.   Plaintiffs also assert (seemingly contradictorily) that *Freddie Mac* was the party foreclosing the mortgage, leading to an alleged violation of M.C.L. § 600.3204(1)(d), which provides that the foreclosing party must be "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage."   These arguments fail for several reasons.   First, they are not articulated in any of Plaintiffs' Counts in the Complaint, nor have Plaintiffs attempted to amend the Complaint to include them.   To that end, the Court now invites Plaintiff to amend its Complaint as described below.   But even if these arguments were properly presented in the Complaint, the Court is not convinced that they have merit.   Plaintiffs are incorrect that Freddie Mac is the foreclosing party.   A purchaser is not a foreclosing party with regard to M.C.L. § 600.3204 and accordingly is not subject to the recordation requirements which apply to assignees of the mortgage.   *See Moon v. Ocwen Loan Servicing, LLC,* Nos. 11-000215-CH, 12-000009-CH, 2013 WL 1689276, at *3 (Mich. Ct. App. Apr. 18, 2013) (holding that Freddie Mac, as purchaser of the foreclosed property, was not the party engaged in the action of foreclosing on the mortgage).   M.C.L. § 600.3204(1)(d) refers to the party *initiating* the foreclosure.   Plaintiffs' argument regarding the allegedly faulty assignment to Chase Home Finance is similarly inapposite, as Chase Home Finance was not the party initiating the foreclosure -- that party was instead JPMorgan Chase Bank.   *See* Pl.'s Compl. ¶ 12.   Accordingly, any faulty chain of title with regard to Chase Home Finance is irrelevant here.   And finally, as explained below, Plaintiffs have failed to explain how any of these alleged errors prejudiced them by limiting their ability to redeem the property.   *See infra* Part III-C-1.

11

mortgage . . . has been properly recorded," and a record chain of title exists.  *Id.* §
600.3204.

M.C.L. § 600.3208 then describes the process by which to initiate the
foreclosure, requiring a notice that the mortgage will be foreclosed by sale of the
premises.  This notice "shall be given by publishing the same for 4 successive
weeks at least once in each week".  The statute goes on to define the requirements
of such notice, requiring that the names of the mortgagor, the original mortgagee,
and the foreclosing assignee be included in every notice of foreclosure.  M.C.L. §
600.3212(a).

M.C.L. § 600.3216 prescribes the time and place of the foreclosure sale after
all previous procedural requirements have been satisfied.  "The sale shall be at
public sale, between the hour[s]" of 9 AM and 4 PM in the "circuit court within the
county in which the premises to be sold . . . are situated" and the property is to be
sold "to the highest bidder."  Finally, M.C.L. § 600.3228 specifically allows that
the "mortgagee, his assigns, or his or their legal representatives, may, fairly and in
good faith, purchase the premises so advertised, or any pert thereof, at such sale."

Once the foreclosed-upon property is sold at the sheriff's sale, the mortgagor
is given six months to redeem the property.  M.C.L. § 600.3240(7).  Once this
statutory redemption period lapses, however, the mortgagor's "right, title, and
interest in and to the property" are extinguished and the mortgagor no longer has

12

the right to assert any claims with respect to the property. *Conlin v. Mortgage Electronic Registration Systems, Inc.,* 714 F.3d 355, 359 (6th Cir. 2013) (quoting M.C.L. § 600.3236) (internal quotation marks omitted); *see also Bryan v. JPMorgan Chase Bank,* 848 N.W.2d 482, 485 (Mich. Ct. App. Apr. 10, 2014) ("If a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished"). Filing a lawsuit immediately prior to the expiration of the redemption period will generally not toll the redemption period. *See, e.g.*, *Rubin v. Fannie Mae,* 587 Fed. App'x. 273, 276 (6th Cir. 2014) ("[O]nce the redemption period lapses, a former property owner may not assert any claims with respect to the property. The filing of a lawsuit -- even one filed before the expiration of the redemption period -- will not toll the redemption period."); *Jackson*, 2014 WL 7157172, at *7; *Whitehead v. Fed. Nat. Mortg. Ass'n*, No. 12-CV-13840, 2013 WL 5353050, at *4 (E.D. Mich. Sept. 24, 2013); *Moriarity v. BNC Mortg., Inc.*, No. 10-13860, 2010 WL 5173830, at * 2 (E.D. Mich. Dec.15, 2010); *Nafso v. Wells Fargo Bank, N.A.*, No. 11-10478, 2011 WL 1575372, at *2-3 (E.D. Mich. Apr.26, 2011); *Mitan v. Fed. Home Loan Mtg. Corp.*, No. 10-13286, 2011 WL 4837502, at * 2 (E.D. Mich. Sept. 22, 2011); *Overton*, 2009 WL 1507342, at *1.

Because a mortgagor's rights to challenge the foreclosure are substantially reduced once the redemption period has expired, Michigan courts have long held

13

that for a mortgagor to set aside a foreclosure by advertisement after expiration of the period, facts must be alleged which support a finding of *fraud* or *irregularity* in the foreclosure procedure itself, in addition to a demonstration that the mortgagor was prejudiced by the allegedly faulty procedures. *Conlin,* 714 F.3d at 359 ("[O]nce the statutory redemption period lapses, [courts] can only entertain the setting aside of a foreclosure sale where the mortgagor has made a clear showing of fraud, or irregularity (internal quotation marks omitted)); *see also Sweet Air Inv., Inc. v. Kenney,* 739 N.W.2d 656, 659 (Mich. Ct. App. May 15, 2007) ("The Michigan Supreme court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." (quoting *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997))); *Kim v. JPMorgan Chase Bank, N.A.,* 825 N.W.2d 329, 338 (Mich. 2012) ("[T]o set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendants failure to comply.").

Under this legal framework, the Court proceeds to address Plaintiffs' legal theories in this case.

**1.     Plaintiffs Have Failed to Allege Prejudice Resulting From Defendants' Failure to Strictly Comply with the Naming Requirements of M.C.L. § 600.3212(a)**

Plaintiffs' first argument relies on the fact that when Chase initiated the foreclosure, the published Notice identified the mortgagor as "Joe Nathan Thomas, married," but did not identify Bernice Thomas's interest in the Loan, Mortgage, or Property.  Plaintiff asserts that the Notice was "required to have some basic information," specifically "the names of the mortgagors, the original mortgagee, and the foreclosing assignee."  Pl.'s Resp. to Def.'s Mot. to Dismiss, at 12 (citing M.C.L. § 600.3212).  Plaintiffs assert that "from the notice, it appeared that only Joe Nathan Thomas had executed the mortgage," and maintain that such an error "was either a significant procedural irregularity or was a fraud perpetrated by Chase."  *Id.* at 12-13.

Defects in the notice of foreclosure can vary in severity, and accordingly, can vary in the extent to which they can operate to set aside a foreclosure sale.  In asserting that the failure to include Bernice Thomas on the Notice of Foreclosure amounts to a fraud or irregularity, Plaintiffs rely heavily on *Oades v. Standard Sav. & Loan Ass'n*, 241 N.W. 262 (Mich. 1932).  In that case, the Michigan Supreme Court held that a foreclosure on property owned by the plaintiff, Mr. Oades, in which the notice failed to name Mrs. Oades as a mortgagor, was beyond a "slight

15

and inconsequential irregularit[y]" and led to a voiding of the mortgage. *Id.* at 263-64.

The proper interpretation of *Oades* is not entirely clear in this context. Plaintiff is correct that *Oades* involved similar facts to those of this case, and the primary reasoning of *Oades* -- that the plain language of M.C.L. § 600.3212(a) requires that the "names of the mortgagor, the original mortgagee, and the foreclosing assignee" must be included in the notice of foreclosure by advertisement -- applies here as well.  Clearly, the failure to include the names of all mortgagors in the Notice is at least some type of error.  However, the age of *Oades* (a 1931 case) makes its application difficult in light of changes to modern Michigan foreclosure law.  When *Oades* was decided, the framework requiring "a clear showing of fraud, or irregularity" in order to set aside a foreclosure sale was not so well-defined as it is today.  *See Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969).  Accordingly, it is difficult to discern, from *Oades* alone, whether the error in the instant case rises to the level of fraud or irregularity as articulated in more recent cases.  This Court has previously held that various minor mistakes regarding the foreclosure notice do not amount to fraud or irregularity. *See, e.g.*, *Worthy v. World Wide Fin. Servs., Inc.,* 347 F. Supp. 2d 502, 509-10 (E.D. Mich. Dec. 13, 2004) (finding that a misstatement mortgagor's gender in a foreclosure notice is a "slight or inconsequential mistake[]" that does not amount

16

to fraud or irregularity (internal quotation marks omitted)); *Gallagher v. BAC Home Loans Servicing, L.P.,* No. 1:11-CV-1356, 2012 WL 1952349, at *7 (W.D. Mich. May 30, 2012) (finding the same regarding a misspelling of the mortgagors' last name).

However, at this juncture the Court need not reach the question of whether Chase's failure to identify Bernice Thomas in the Notice of Foreclosure constitutes fraud or irregularity, because Plaintiffs have failed to allege any prejudice resulting from the alleged error. As the Michigan Supreme Court has consistently held, defects in the foreclosure process, even when they amount to fraud or irregularity, render a foreclosure sale *voidable*, but can only *void* a foreclosure sale in circumstances where the error affected the plaintiff's rights:

> [D]efects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void ab initio . . . . [T]o set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with [the statute at issue]. To demonstrate such prejudice, they must show that they would have been in a *better position to preserve their interest in the property absent defendant's noncompliance with the statute*.

*Kim,* 825 N.W.2d at 337 (emphasis added)). Here, Plaintiffs' complaint provides not a single explanation of how Chase's failure to include Bernice Thomas's name in the Notice harmed Plaintiffs during the foreclosure process. Plaintiffs concede that they defaulted on the loan, and Plaintiff Joe Thomas received actual notice of the default via the mailed and published Notices. Plaintiffs have not alleged that

17

Bernice Thomas somehow did not know about the foreclosure proceedings, and given that Plaintiffs were both apparently residing at the Property at the time the foreclosure was initiated and that Plaintiffs remained married during the foreclosure process, it is implausible to think that Bernice Thomas lacked, at a minimum, constructive notice of the foreclosure.  The fact that Chase failed to strictly comply with the notice requirements imposed by M.C.L. § 600.3212(a) did not appear to affect any part of the foreclosure process, and accordingly, did not result in prejudice to Plaintiffs.[2]  *See Lopez v. Bank of America, N.A.,* 920 F. Supp. 2d 798, 803 (W.D. Mich. Jan. 14, 2013) (Because Plaintiff had notice of her right to request a loan modification meeting, any failure of the defendants to comply with the notice requirements did not result in prejudice); *see also Jackson Investment Corp. v. Pittsfield Products, Inc.,* 413 N.W.2d 99, 101 (Mich. Ct. App. Sep. 9, 1987) (No harm is suffered when "the mortgagor would have been in no

---

[2] Further, Plaintiffs have made no allegation that they would have been able to redeem the home.  They do not contest that they were in default of the Loan at the time the foreclosure was initiated.  Plaintiffs, in their complaint, do make various claims of prejudice, including that the property was sold at the sheriff's sale for an amount below true market value, that the alleged errors in the foreclosure process made Plaintiffs "fearful of making mortgage payments," and that the foreclosure has damaged their credit.  Pl.'s Compl., ¶ 23.  But Plaintiffs make no claim that remedying the alleged errors in the foreclosure process would have prevented any of these harms from befalling Plaintiffs.  Critically, Plaintiffs make no allegation that, had the statutory foreclosure process been followed perfectly, they would have been able to redeem or otherwise come into compliance with the Loan and subsequently retain the home.  Accordingly, Plaintiffs have not sufficiently alleged the required prejudice to set aside the foreclosure sale.

better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property").

Despite these problems, the Court recognizes that a mortgagee's failure to properly list the names of *all* of the mortgagees in the notice for a foreclosure by advertisement is a potentially serious issue. Such an error, where it leads to a lack of actual notice to the mortgagors, could render the entire process unfair and undermine the policy intent behind the foreclosure by advertisement statutes. Accordingly, out of an abundance of caution, the Court invites Plaintiffs to amend their complaint to properly allege prejudice resulting from the error, if such prejudice exists. As described above, the Court is skeptical, as it seems likely that Joseph would have notified Bernice as soon as he learned of the foreclosure, rendering any error harmless. However, if Plaintiffs can present to the Court facts articulating the harm that they incurred directly resulting from the error, the Court will consider those facts.

The Court further reminds Plaintiffs that mere blanket assertions regarding prejudice will not satisfy the requirements of Rule 12(b)(6). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Jackson*, 2014 WL 7157172, at *8 (applying this standard to the

foreclosure prejudice context).  Any allegations regarding prejudice must also be plausible, and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  Increased specificity allows the Court to better evaluate the plausibility of Plaintiffs' claims for relief, and the Court accordingly encourages Plaintiffs to clearly articulate the prejudice suffered with specific, supportable facts.

**2.     Plaintiffs' Argument Made Pursuant to M.C.L. § 600.3228 is Based on a Misreading of the Statute**

Plaintiffs' second argument that the foreclosure was faulty is that while M.C.L. § 600.3228 allows that "[t]he mortgagee, his assigns, or his or their legal representatives may, fairly and in good faith, purchase" property foreclosed by advertisement, "[c]learly Freddie Mac was not the mortgagee nor an assignee of the mortgage[,] was a stranger to title[,]" and accordingly "was not statutorily authorized to purchase the property at the sheriff's sale."  Pl.'s Resp. to Def.'s Mot. to Dismiss, Dkt # 5, at 17.

Plaintiffs' argument is based on a misunderstanding of the statute.  Section 600.3228 does not state anywhere in its text that *only* the "mortgagee, his assigns, or his or their legal representatives" may purchase the property at the sheriff's sale. Instead, it provides a limitation on those specific purchasers -- their purchase must

20

be made "in good faith," whereas purchases from other purchasers are not so conditioned.   Other provisions also make clear that the universe of potential purchasers is not limited.  M.C.L. § 600.3216 -- the primary provision governing the sheriff's sale -- simply states that "the sale shall be made . . . to the highest bidder."   That provision does not contemplate any limitation on the individuals who may bid at the sale.  Indeed, clear language of cases from both this Court and Michigan state courts makes clear that purchasers other than the mortgagee may purchase property sold at the sheriff's sale.  *See, e.g.*, *Grayer v. JPMorgan Chase Bank, Nat. Ass'n*, No. 12-11125, 2013 WL 4414867, at *4 n.6 (E.D. Mich. Aug. 15, 2013) (describing § 600.3228 as a "permissive and nonrestrictive statutory provision"); *Ruby & Associates, P.C. v. Shore Fin. Servs.*, 741 N.W.2d 72, 77 (Mich. Ct. App. 2007) *vacated on other grounds*, 745 N.W.2d 752 (Mich. 2008) ("Upon [sheriff's] sale, the purchaser, including *potentially* the mortgagee, acquires a sheriff's deed."); *Pulleyblank v. Cape*, 446 N.W.2d 345, 347 (Mich. Ct. App. 1989) (noting that "as a purchaser under the foreclosure sale, a mortgagee stands in the same position as any other purchaser," and discussing the circumstances "[i]f a third party had bid and purchased [the] property").

21

# IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiffs, having failed to adequately allege prejudice in their Complaint, will have **10 days** to file an amended complaint with the Court.  If Plaintiffs fail to file an amended complaint, the Court will enter an order dismissing this case for the reasons described in this Opinion.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Dkt. # 3) is **DENIED** as premature.   Should Plaintiffs file an amended complaint, Defendants may refile their Motion, and may include supplemental argument regarding any new claims made in Plaintiffs' amended complaint.

**IT IS SO ORDERED.**


                         s/Gerald E. Rosen
                         Chief Judge, United States District Court

Dated:  May 12, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 12, 2015, by electronic and/or ordinary mail.

                         s/Julie Owens
                         Case Manager, (313) 234-5135

22