## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JOE THOMAS** and
**BERNICE THOMAS**,

                Plaintiffs,

                                              No. 14-CV-14183

vs.                                    Hon. Gerald E. Rosen
                                  Magistrate Judge Michael J. Hluchaniuk

**JPMORGAN CHASE BANK, N.A.**
and **FEDEREAL HOME LOAN
MORTGAGE CORPORATION**,

                Defendants.

_____/

## OPINION AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

Plaintiffs Joe and Bernice Thomas commenced this suit in Wayne County Circuit Court on September 19, 2014, asserting claims against Defendants JPMorgan Chase Bank, N.A., and Federal Home Loan Mortgage Corporation, arising from the foreclosure sale of Plaintiffs' home in Detroit, Michigan. Plaintiffs claim that Defendants conducted the foreclosure process without regard to Michigan's statutory requirements -- in particular that Defendant JPMorgan Chase Bank, N.A. failed to include one of the mortgagor's names in the Notice of

1

Foreclosure and that Defendant Federal Home Loan Mortgage Corporation is not a valid purchaser under Michigan foreclosure law. Defendants removed the case to this Court on October 30, 2014. Defendants subsequently filed a Motion to Dismiss (Dkt. # 3), and the Court issued an opinion finding that Plaintiffs had failed to adequately allege in their Complaint the necessary prejudice to sustain their claim (Dkt. # 9). In that Opinion, the Court provided Plaintiffs with an opportunity to amend its Complaint, which Plaintiffs took, filing a First Amended Complaint on May 12, 2015. Dkt. # 10. Defendants subsequently filed a second Motion to Dismiss, and that Motion is now before the Court. Dkt. # 11.

Having reviewed and considered the parties' briefs and supporting documents and the entire record of this matter, the Court has determined that the pertinent allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will address the motion "on the briefs." *See* L.R. 7.1(f)(2).

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In its prior Opinion in this matter, the Court recounted the relevant facts:

On December 19, 2008, Plaintiffs Joe Thomas and Bernice Thomas, a married couple, entered into a loan agreement with Defendant JPMorgan Chase Bank, N.A. ("Chase") in the amount of $219,000 ("the Loan"). Pl's Compl., Dkt. # 1-2, ¶ 6. The Loan was secured by a mortgage ("the Mortgage") against the property at issue in this case, 17381 Pontchartrain Blvd., Detroit, Michigan 48203 ("the

2

Property"). *Id.* ¶¶ 4, 6; *See also* Mortgage, Dkt. # 3-2. The Mortgage was recorded on December 30, 2008 in the Wayne County Records, with Chase acting as servicer for the Mortgage. Pl.'s Compl. ¶¶ 8, 12, *see generally* Mortgage.

Plaintiffs defaulted on the Loan at some point in 2013, and Chase subsequently initiated the foreclosure by advertisement process by mailing a Notice of Foreclosure to Plaintiffs and by publishing a Notice of Foreclosure in the Detroit Legal News once per week between October 14, 2013, and November 4, 2013. Pl's Compl. ¶¶ 12-13. Importantly for purposes of Plaintiffs' theory, both the published and the mailed Notice of Foreclosure identified the mortgagor as "Joe Nathan Thomas, married," but did not mention Bernice Thomas or identify her interest in the Loan, Mortgage, or Property. *Id.* ¶ 14.

The Loan remained in default, and accordingly a Sheriff's Sale was held on March 20, 2014. *Id.* ¶ 17; *see also* Sherriff's Deed, Dkt. # 3-3. Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") won the auction with a bid of $109,387.43, and was granted a Sheriff's Deed, which was recorded on April 3, 2014. Sherriff's Deed, Dkt. # 3-3, at 1. The statutory redemption period was set to expire on September 20, 2014. *Id.* at 1, 4.

On September 19, 2014, one day prior to the expiration of the redemption period, Plaintiffs brought this suit in Wayne County Circuit Court. Plaintiffs' complaint asserts four claims for relief: wrongful foreclosure in violation of MCL § 600.3201 *et seq.* (Count I); quiet title (Count II); slander of title (Count III); and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (Count IV). Each claim, however, relies on the same two theories of relief: (1) that Chase's failure to name Bernice Thomas as a party to the Mortgage renders the foreclosure proceedings invalid, and (2) that Freddie Mac is not a valid purchaser under MCL § 600.3228, and accordingly "was not authorized by statute to purchase the . . . Property." *See, e.g.*, Pl.'s Compl. ¶¶ 19-20. Defendants removed the action to this Court on October 30, 2014. Def.'s Removal, Dkt. # 1. The September 20, 2014 expiration of the redemption period has now passed, and Plaintiffs have not redeemed the Property.

*Thomas v. JPMorgan Chase Bank, N.A.*, No. 14-CV-14183, 2015 WL 2237034, at
*2 (E.D. Mich. May 12, 2015).

After removing the case, Defendants filed a Motion to Dismiss.  Dkt. # 3.  In
their Motion, they argued that (1) Plaintiffs lost standing to challenge the
foreclosure once they failed to redeem the Property within the statutory redemption
period, (2) Plaintiffs failed to sufficiently allege fraud or irregularity as necessary
to challenge the foreclosure, and (3) Plaintiffs failed to sufficiently allege prejudice
resulting from the foreclosure.  In its subsequent Opinion, the Court found, in
relevant part, that (1) Plaintiffs have standing to bring their claim, *id.* at *2-4, and
(2) Plaintiffs "failed to allege any prejudice resulting from the alleged error," and
accordingly the Court did not need to reach the question of whether the alleged
error rose to the level of fraud or irregularity, *id.* at *6-8.  Specifically, the Court
explained,

> Here, Plaintiffs' complaint provides not a single explanation of how
> Chase's failure to include Bernice Thomas's name in the Notice
> harmed Plaintiffs during the foreclosure process.  Plaintiffs concede
> that they defaulted on the loan, and Plaintiff Joe Thomas received
> actual notice of the default via the mailed and published Notices.
> Plaintiffs have not alleged that Bernice Thomas somehow did not
> know about the foreclosure proceedings, and given that Plaintiffs were
> both apparently residing at the Property at the time the foreclosure
> was initiated and that Plaintiffs remained married during the
> foreclosure process, it is implausible to think that Bernice Thomas
> lacked, at a minimum, constructive notice of the foreclosure.  The fact
> that Chase failed to strictly comply with the notice requirements
> imposed by M.C.L. § 600.3212(a) did not appear to affect any part of

> the foreclosure process, and accordingly, did not result in prejudice to
> Plaintiffs.

*Id.* at *7.  Importantly, the Court further explained

> Plaintiffs have made no allegation that they would have been able to
> redeem the home. They do not contest that they were in default of the
> Loan at the time the foreclosure was initiated. Plaintiffs, in their
> complaint, do make various claims of prejudice, including that the
> property was sold at the sheriff's sale for an amount below true market
> value, that the alleged errors in the foreclosure process made Plaintiffs
> "fearful of making mortgage payments," and that the foreclosure has
> damaged their credit. Pl.'s Compl., ¶ 23. But Plaintiffs make no claim
> that remedying the alleged errors in the foreclosure process would
> have prevented any of these harms from befalling Plaintiffs.
> Critically, Plaintiffs make no allegation that, had the statutory
> foreclosure process been followed perfectly, they would have been
> able to redeem or otherwise come into compliance with the Loan and
> subsequently retain the home. Accordingly, Plaintiffs have not
> sufficiently alleged the required prejudice to set aside the foreclosure
> sale.

*Id.* at *7 n.2.  However, the Court noted the seriousness of Plaintiffs' allegations,

due to the fact that proper notice to the party whose property is being foreclosed

upon is central to the fairness of the foreclosure process:

> Despite these problems, the Court recognizes that a
> mortgagee's failure to properly list the names of *all* of the mortgagees
> in the notice for a foreclosure by advertisement is a potentially serious
> issue.  Such an error, where it leads to a lack of actual notice to the
> mortgagors, could render the entire process unfair and undermine the
> policy intent behind the foreclosure by advertisement statutes.
> Accordingly, out of an abundance of caution, the Court invites
> Plaintiffs to amend their complaint to properly allege prejudice
> resulting from the error, if such prejudice exists.  As described above,
> the Court is skeptical, as it seems likely that Joseph would have
> notified Bernice as soon as he learned of the foreclosure, rendering
> any error harmless.  However, if Plaintiffs can present to the Court

5

facts articulating the harm that they incurred directly resulting from the error, the Court will consider those facts.

The Court further reminds Plaintiffs that mere blanket assertions regarding prejudice will not satisfy the requirements of Rule 12(b)(6). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Jackson*, 2014 WL 7157172, at *8 (applying this standard to the foreclosure prejudice context). Any allegations regarding prejudice must also be plausible, and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Increased specificity allows the Court to better evaluate the plausibility of Plaintiffs' claims for relief, and the Court accordingly encourages Plaintiffs to clearly articulate the prejudice suffered with specific, supportable facts.

*Id.* at *7-8.

On May 21, 2015, Plaintiffs filed a First Amended Complaint. Dkt. # 10. It is largely the same as the original Complaint, but contains several new assertions regarding prejudice. First, it alleges that "[h]ad there not been errors in the foreclosure notice the Subject Property would have sold at a higher price and would have reduced the deficiency balance owed by Plaintiffs by over $100,000.00." Pl.'s First. Am. Compl., ¶ 23A. This allegation was essentially also in the original Complaint, though the original Complaint merely stated that the sale price was only $109,387.43, while the "true market value" of the Property was

6

approximately $250,000.   Second, and more importantly, the First Amended

Complaint alleges, for the first time, that

> [t]he failure to include Plaintiff Bernice Thomas in the Notice of
> Foreclosure led her to believe that the foreclosure would not affect her
> interest in the Subject Property, and therefore she did not take action
> prior to the foreclosure sale to prevent the sheriffs sale. . . .  Such error
> misled Plaintiff Bernice Thomas into believing that no sheriff's sale of
> her interest in the Subject Property took place.

*Id.* ¶ 23B.  The remainder of the First Amended Complaint is materially identical

to Plaintiffs' original Complaint.

Shortly after Plaintiffs filed their First Amended Complaint, Defendants

filed a Motion to Dismiss.  Dkt. # 11.  The motion re-raises many of the issues

dealt with in the first Motion to Dismiss, but also asserts that the First Amended

Complaint has failed to remedy the issues related to prejudice that the Court raised

previously.

## III. DISCUSSION

### A.    Rule 12(b)(6) Standard

In deciding a motion brought under Rule 12(b)(6), the Court must construe

the complaint in the light most favorable to Plaintiffs and accept all well-pled

factual allegations as true.  *League of United Latin Am. Citizens v. Bredesen*, 500

F.3d 523, 527 (6th Cir. 2007).   To withstand a motion to dismiss, however, a

complaint "requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550
U.S. 544, 555 (2007). The factual allegations in the complaint, accepted as true,
"must be enough to raise a right to relief above the speculative level," and must
"state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial
plausibility when the plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the misconduct alleged."
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "construe the
complaint in the light most favorable to the plaintiff, accept its allegations as true,
and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v.
Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as
true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v.
Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

If the well-pled facts in Plaintiffs' Complaint -- accepted as true -- are
insufficient for Plaintiffs to recover on a claim, that claim must be dismissed.
*Iqbal*, 556 U.S. at 680 ("Because the well-pleaded fact of parallel conduct,
accepted as true, did not plausibly suggest an unlawful agreement, the Court held
the plaintiffs' complaint must be dismissed.").

**B.    Analysis**

The First Amended Complaint is nearly identical to the original Complaint
in this matter, and accordingly, the Court does not revisit the issues that were fully

settled in its original Opinion and Order Regarding Defendants' Motion to Dismiss.  As explained in that order, Plaintiffs have standing to bring this suit. *Thomas*, 2015 WL 2237034, at \*2-4.  Further, Plaintiffs' claims made pursuant to M.C.L. § 600.3228 -- that Freddie Mac was neither the mortgagee nor an assignee of the mortgage and accordingly was not authorized to purchase the property at the Sheriff's Sale -- are based on a misreading of that statute.  *Id.* at \*8.  Accordingly, the only remaining issue is whether Plaintiffs' First Amended Complaint has now sufficiently alleged prejudice, and, if so, whether it has sufficiently alleged a "fraud or irregularity" in the foreclosure process, as must be alleged in order to set aside a foreclosure sale following the expiration of the statutory redemption period.  *El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 429 (6th Cir. 2013).

The Court finds that Plaintiffs' First Amended Complaint still fails properly allege prejudice, and the Court's previously articulated analysis stands.  The first new allegation described above -- regarding the reduction in purchase price at the Sheriff's Sale that was allegedly caused by the error in notice -- was already in the original complaint.  The amendment merely completes the arithmetic, calculating the difference between the sale price and the market value as alleged by Plaintiffs. This change does nothing to resolve the problems previously articulated by the Court.

The second modification is more substantial. Plaintiff Bernice Thomas now alleges that she assumed, based on the notice given, that the foreclosure would not affect her interest in the Property. This proposition is dubious -- Plaintiffs would have the Court believe that despite knowing that the Property was being foreclosed upon, and despite knowing that they were both listed as borrowers on the loan, they somehow believed that Bernice Thomas would retain an interest in the Property even after foreclosure. They have made no allegation that they ever inquired as to what would happen to Bernice's interest in the Property after the Sheriff's Sale, nor have they alleged that they ever participated in the foreclosure process in any way or sought to ensure that Bernice Thomas's interests would be protected.

But even taking Plaintiffs' allegations as true, they still do not allege prejudice -- Plaintiffs have made no allegation that they possessed the funds to bring the Loan current prior to the Sheriff's Sale, that they attempted to redeem the Property following the sale or would have been able to make the payment necessary to redeem, or that they were in any way negatively impacted by Defendants' failure to include Bernice Thomas's name on the notice of foreclosure. As the Michigan Supreme Court has repeatedly made clear, "[t]o demonstrate . . . prejudice, [a plaintiff] must show that [she] would have been in a better position to preserve [her] interest in the property absent defendant's

10

noncompliance with the statute." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115-16 (2012). Put simply, Plaintiffs have made no allegation as to how they would have retained an interest in the property had the Notice of Foreclosure been perfect, and accordingly, they have failed to demonstrate prejudice. *See, e.g.*, *Harrison v. Bank of Am., NA*, No. 12-CV-12281, 2013 WL 440163, at *4 n.4 (E.D. Mich. Jan. 17, 2013) report and recommendation adopted, No. 12-12281, 2013 WL 439978 (E.D. Mich. Feb. 5, 2013) ("Plaintiffs have not alleged that they ever attempted to redeem the property, and they have not alleged that they had sufficient funds to outbid the highest bidder at the sale, let alone pay off the entire loan. Thus, even if they could show some defect in notice, . . . they cannot receive the relief they request, i.e., a declaration that the sheriff's deed is void."); *Elson v. Deutsche Bank Nat. Trust Co.*, No. 11-14100, 2012 WL 1902916, at *6 (E.D. Mich. May 25, 2012) (plaintiff failed to establish prejudice because she "has not pled facts nor has she presented any evidence that the alleged defect in notice (1) prevented her from making a bid at the sale; (2) that she had the funds to outbid the highest bidder at the sale, let alone pay the entire unpaid balance owing on the loan; or (3) that she attempted to redeem the property during the redemption period"); *Piccirilli v. Wells Fargo Bank, N.A.*, No. 2:11-CV-10264-GER, 2012 WL 1094333, at *8 (E.D. Mich. Mar. 30, 2012) ("Plaintiff has not demonstrated that she possessed the funds to outbid the highest bidder, let alone pay the entire unpaid

11

balance owing on the loan. Plaintiff has failed to show that she attempted to redeem the property during the redemption period or that she was prejudiced in any other way."); *Caillouette v. Wells Fargo Bank N.A.*, No. 11-CV-10204, 2012 WL 1033598, at *8 (E.D. Mich. Mar. 27, 2012) (same).

Because Plaintiffs have failed to properly allege prejudice as is necessary to establish their claims, the Court need not reach the question of whether Plaintiffs have alleged a fraud or irregularity in the foreclosure process.


## IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Dkt. # 11) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**


Dated:  December 16, 2015          s/Gerald E. Rosen
                                   Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 16, 2015, by electronic and/or ordinary mail.

                                   s/Julie Owens
                                   Case Manager, (313) 234-5135

12